UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY H. ACTON,　　　　　　Civil Action No.: 16-12036
　　　　　　　　　　　　　　　　Honorable Matthew F. Leitman
　　　　　Plaintiff,　　　　　　Magistrate Judge Elizabeth A. Stafford

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

　　　　　Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 15, 20]**

Plaintiff Beverly H. Acton appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental social security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 20] be **GRANTED**;
- Acton's motion [ECF No. 15] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

I. **BACKGROUND**

A. **Acton's Background and Disability Applications**

Born August 19, 1962, Acton is now 54 years old, and was 38 years old at the time of her alleged onset date of July 1, 2001. [ECF No. 11-8, Tr. 328, 335]. She submitted her applications disability benefits in May 2011, but she was insured for DIB purposes only through December 31, 2006. [ECF No. 11-2, Tr. 10; ECF No. 11-8, 327]. Acton is a high school graduate, and testified that she previously worked at a restaurant and in real estate. [ECF No. 11-8, Tr. 352-53, 364]. She claimed to be disabled by severe headaches and depression. [ECF No. 11-6, Tr. 203].

Acton requested a hearing after the Commissioner denied both disability applications initially; her first hearing was in January 2013. [ECF No. 11-2, 24-52]. The ALJ denied Acton's claims after finding that she did not have a severe impairment, and the Appeals Counsel denied her request for review. [*Id.*, Tr. 1-3, 7-22]. On appeal to this Court, United States Magistrate Judge Patricia T. Morris found that substantial evidence did not support the ALJ's determination that Acton did not have a severe impairment. [ECF No. 11-9, Tr. 423-43]. She recommended that the

matter be remanded for reconsideration, concluding that the Acton's "case may not be strong, but she proved enough to move past stage two." [*Id.*, Tr. 443]. United States District Judge Terrence G. Berg adopted that recommendation. [*Id.*, Tr. 421-22].

Upon remand, the ALJ held another hearing in June 2015, during which Acton and a vocational expert (VE) testified. [ECF No. 11-8, Tr. 343-97]. The ALJ rendered a second written decision in July 2015 again finding her not disabled. [Id., Tr. 325-36]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Acton timely filed for judicial review. [*Id.,* Tr. 315-17; ECF No. 1].

**B.     The ALJ's Application of the Disability Framework Analysis**

DIB and SSI are available for those who have a "disability." See *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial

3

gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Acton was not disabled.  At the first step, he found that she had not engaged in substantial

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c); § 920(c).

4

gainful activity since her alleged onset date. [ECF No. 11-8, Tr. 328]. At the second step, the ALJ found that Acton had the severe impairments of "obesity; headaches; high blood pressure; disc protrusions with thecal sac impingement and slight cervical degenerative disc changes." [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 332].

Between the third and fourth steps, the ALJ found that Acton had the RFC to perform a full range of medium work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c). [*Id.*, Tr. 333]. At step four, the ALJ found that Acton was unable to perform any past relevant work. [*Id.*, Tr. 335]. But he found at step five that, given her age, education, work experience and RFC for a full range of medium work, the Medical-Vocational Guidelines directed a finding that she was not disabled. [*Id.*, Tr. 336].

## II. ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is

5

"more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Acton ostensibly raises two issues in her motion for summary judgment—that the ALJ failed to discuss the impact of her headaches on her ability to be competitively employed, and that the ALJ failed to properly evaluate her credibility. Ironically, Actor provides no analysis whatsoever when complaining that the ALJ did not sufficiently analyze the impact of her headaches on her employability. [ECF No. 15, PageID 628]. This issue is waived.[3] "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal

---

[3] Even if Acton had not waived this argument, she would not have met her burden of demonstrating that she required a more restrictive RFC for the same reasons that her credibility argument is without merit. *Preslar,* 14 F.3d at 1110 (claimant bears burden during first four steps); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears burden of demonstrating need for more restrictive RFC).

way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted). And because Acton has cited no compelling reason to disturb the ALJ's credibility determination, his decision should be affirmed.

**B.**

Credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241. An ALJ must explain the bases of her credibility determination, and the reviewing court should not be left to speculate as to the grounds for the ALJ's decision. *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 261 (6th Cir. 2015). "[B]lanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248. Here, the Court finds that the ALJ's credibility determination was supported by substantial evidence.

Acton testified that she stopped working because of headaches, which cause her to lay down the majority of the day. [ECF No. 11-8, Tr. 353-54]. She said that nothing provided her relief from the headaches, and

that they precluded her from working full time. [*Id.*, Tr. 354-55]. The ALJ found her claims to be not entirely credible; he agreed that Acton's headaches had been problematic, but not that they had been disabling for 12 consecutive months. [*Id.*, Tr. 334]. He reasoned that there were lengthy gaps during which she received no regular treatment and used no prescribed medications, and that diagnostic testing revealed no debilitating pathology. [*Id.*]. The ALJ also cited Acton's testimony regarding her self-care, daily activities and worked on brief occasions, and the opinion of non-examining consultant Gloria Hankins, M.D., that Acton could perform medium work. [*Id.*, Tr. 334-35, citing 11-3, Tr. 95-96].

The ALJ's analysis is supported by the record, which does evidence lengthy gaps of treatment for Acton's headaches. Acton does not argue otherwise, as she cites medical records from 2001 to 2005, and then one report in 2011. [ECF No. 15, PageID 630-31]. She argues that those records are "replete with complaints of headaches," [*id.*], but she does not argue or show that they evidence disabling functional limitations. In January 2004, Acton's headaches were deemed severe, but with a pain level of four of ten and only occasional vomiting, photophobia or phonophobia. [ECF No. 11-7, Tr. 299]. Most of the other records merely mention a diagnosis of headaches or migraines. [*Id.*, Tr. 253, 257-60, 262-

8

64, 266, 310]. A diagnosis alone says nothing about a claimant's ability to perform work activities. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Kennedy v. Astrue*, 247 Fed. Appx. 761, 767 (6th Cir. 2007).

And while her headaches were often described as severe, chronic, intractable or the like, they describe significant improvement with treatment. In April 2004, she was described as having "chronic daily whole-cranial headaches," but they were "adequately treated with fentanyl." [ECF No. 11-7, Tr. 306]. Later that month, a doctor reported that Acton showed 80% improvement with fentanyl patches. [*Id.*, Tr. 307]. Acton notes that she was being considered for a referral in September 2005 for a headache study, but the reporting doctor also indicated that her pain management was considered appropriate. [*Id.*, Tr. 312]. In October 2005, a treating doctor wrote that the Duragesic (fentanyl) patch "seems to work relatively well for her," and provided her with a refill. [*Id.*, Tr. 313-14].

Acton cites no further records that referred to her headaches until September 2011, when Amber Tas, D.O. conducted an independent medical examination. [*Id.*, Tr. 276-79]. Dr. Tas reported that Acton complained of severe, crippling headaches, but she also described Acton as having fluent speech, clear thought processes, normal memory, good concentration and full orientation. [*Id.*, Tr. 278]. Acton was also able to lift,

9

carry and handle light objects, perform fine motor skills, squat and rise with difficulty, rise from a sitting position without assistance, walk normally, dress and undress. [*Id.*, Tr. 279]. Finally, when Acton sought medical care in 2012, her doctor reported that Percocet was helping her headaches. [ECF No. 11-7, Tr. 287].

This evidence undermines Acton's claims that her headaches preclude her from any work and that treatment provided her with no improvement. None of the records describe any functional limitations. In conjunction with the opinion of Dr. Hankins, a highly qualified expert,[4] that Acton was capable of medium work, [ECF No. 11-3, Tr. 95-96], these records provides substantial evidence in support of the ALJ's credibility determination.

Acton complains that the ALJ erred by relying upon her normal diagnostic testing when assessing the severity of her headaches. But the Court finds it noteworthy that Dr. Tas also considered the results of her head imaging, brain CT and MRI when addressing Acton's headaches.

---

[4] *See Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016) ("To be sure, state agency medical consultants . . . are 'highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act.'") (citing SSR 96–6p, 1996 WL 374180, at *2 (July 2, 1996).

[ECF No. 11-7, Tr. 279]. So while such negative objective evidence may not be dispositive, it is not irrelevant, as Acton claims.

And while the ALJ did not, within his credibility discussion, specifically refer to some of the medical evidence described here as undermining Acton's credibility, he did sufficiently describe that evidence when performing the step two analysis. [ECF No. 11-7, Tr. 328-32]. This Court is thus not left to speculate as to the grounds for the ALJ's decision, and his reasoning is consistent with the record, as required. *Cox,* 615 F. App'x at 261; *Rogers*, 486 F.3d at 248. Therefore, there are no compelling reasons to disturb the ALJ's credibility determination and his decision should be affirmed.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 20] be **GRANTED**; that Acton's motion [ECF No. 15] be **DENIED**; and the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: August 8, 2017     United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 8, 2017.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager